(No. 1789—

GOTTLIEB KAYHS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, Gottlieb Kayhs, was seriously injured by an employee of the State of Illinois on May 14, 1931, and damages in the amount of Twenty-five Thousand Dollars is claimed therefore.

On the above day at about five o'clock in the afternoon the claimant was walking south on a bridge across the Sangamon River and a portion of Lake Decatur. This bridge forms a part of State Bond Issue Route No. 2 with an eighteen foot roadway in the center, flanked on both sides by a raised sidewalk four feet in width and on the outside border of the bridge is an iron protection railing approximately four feet high.

While the claimant was thus crossing the bridge a State owned motor truck used by the Division of Highways and driven by Wallace Dudley, a State employee, crossed the bridge in the opposite direction. The said Wallace Dudley had been dragging the earth shoulders on the road south of the bridge. In order to accomplish this work it was necessary to fasten a wooden timber or pole crosswise of the truck to which was attached the drag. Mr. Dudley having stopped dragging had detached the drag from the pole but neglected to remove the pole which projected about four feet from the side of the truck. As he proceeded across the bridge the pole which evidently stuck out across the sidewalk hit the claimant and dragged him about twelve feet.

The claimant suffered great bodily injury, necessitating the amputation of his left leg and considerable medical attention and hospitalization. He is sixty years of age and the father of two minor children. There is no doubt that the claimant sustained such grave injuries that he will be unable to follow his occupation as a coal miner, being crippled for life by the loss of his left leg. In addition to the leg which was amputated, the right leg was severely injured. His nose which was fractured has not healed properly, as is disclosed by the medical testimony in the record.

The attorneys for the claimant have frankly said: "We concede that under the law, the State of Illinois is not liable

for the torts of its agents, employees or servants, under the rule of respondent superior. This is admitted to be one of the attributes of the Sovereignty of the State of Illinois, but this court has been created as a tribunal to pass upon claims *ex contractu* or *ex delicto,* which the State as a Sovereign Commonwealth, in equity and good conscience should pay and discharge. It it under this statutory provision that this claim is presented." It is the well settled rule of law that the State is not liable for damages or injuries caused by the carelessness or negligence of its servants, employees, agents or officers. This rule has been so frequently set forth by this court that it is not necessary to again recite the many cases so holding.

However, it is also the duty of this court to consider the principle of equity as well as the rule of law. There have been some exceptional and isolated cases where the injuries have been so grave and the conditions surrounding the claimant so deplorable that under the principle of equity exceptions have been made very infrequently and only upon the broad theory that when all the facts in the case are considered together, there is sufficient justification for the court to conclude that the claim should be classified as an exception to the general rule above stated. In this case the counsel for respondent have not filed a demurrer but have on the other hand suggested that this case may be an exception to the general rule. Counsel says:

"In order to bring a claimant within this exception, the personal injuries suffered must be grave and permanent in nature with serious and grievous consequences resulting; the injuries must be directly attributable to the gross and wanton negligence of an agent of the respondent, and the claimant must be free from all contributory negligence in reference to the injury. *(Hansen* vs. *State,* 6 C. C. R. 548; *Rickenberg* vs. *State,* 6 C. C. R. 286; *Parker* vs. *State,* 6 C. C. R. 71 (75). The Court has frequently seen fit to apply this exception to the general rule, paraphrasing by granting an award in the interest of social justice and equity, or, as sometimes stated, applying the doctrine of equity and good conscience. Regardless of the terms used to designate this equitable and humanitarian doctrine when applied, the general application of this principle amounts to a well recognized exception to the general rule, although its application is dependent entirely upon the individual facts presented by each case. In addition to the *Hansen, Rickenberg* and *Parker cases, supra,* the exception has been applied by the Court in the following cases: *(McGhee* vs. *State,* 4 C. C. R. 144; *Engelman* vs. *State,* 5 C. C. R. 242; *Stachowiak* vs. *State,* 5 C. C. R. 275; *Williams* vs. *State,* 5 C. C. R. 368."

In the report of the Division of Highways, Department of Public Works and Buildings submitted September 11, 1931, the Engineer of Maintenance says: "I am convinced that there was more or less carelessness on the part of the driver of the State truck and I believe that Mr. Kayhs is entitled to a reasonable reimbursement for damages sustained on account of the accident."

While there is no legal liability on the part of the State to pay claimant compensation for his injuries the injuries in this case are "directly attributable to the gross and wanton negligence of an agent of the respondent" and are serious and distressing and are not the result of contributory negligence. We believe that upon the theory of equity and good conscience an exception should be made in this case. However, we also believe that when an exception is so made that the compensation should be adequate only to and commensurate with humanitarian needs to recompense the claimant for medical attention, hospitalization and other necessary expense caused by the accident. This court wishes to be fair to the claimant and consider his case from a reasonable and equitable viewpoint, yet it must also be mindful that the funds of the State must be safeguarded and the interests and rights of all the People of the State preserved.

The Court of Claims has jurisdiction to determine whether the claimant shall have such compensation and it also has the right to determine the amount of compensation which should be allowed.

In view of all the circumstances under which the injuries were received and also because of the recommendations made by the Division of Highways we allow the claimant, in full settlement of all claims arising from this accident, the sum of Twenty-five Hundred Dollars and recommend that the same be paid.